IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY BECKWORTH                          :
                                        :        CIVIL ACTION
            v.                          :
                                        :        NO. 11-7277
LAW OFFICE OF THOMAS LANDIS,            :
LLC, ET AL.                             :

**SURRICK, J.**                                        **APRIL   18  , 2012**

<u>**MEMORANDUM**</u>

Presently before the Court are Defendant Oxford Law, LLC's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 7) and Defendant Larry Weil's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 8).  For the following reasons, Defendants' Motions will be denied.

**I.      BACKGROUND**

**A.      Procedural History**

On November 22, 2011, Plaintiff Mary Beckworth filed a Complaint against Defendant Law Office of Thomas Landis, LLC ("Landis Law"), alleging violation of the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA") (Count I), violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") (Count II), and violation of the federal Fair Debt Collection Practices Act ("FDCPA") (Count III).  (Compl., ECF No. 1.)  On January 24, 2012, Plaintiff filed a First Amended Complaint, in which she added Oxford Law, LLC and Larry Weil as defendants.  (Am. Compl., ECF No. 2.)  On January 26, 2012, attorney

Thomas Landis, acting "*pro se*," filed on behalf of Landis Law[1] an Answer to the original

Complaint.[2]  (Landis Law Answer, ECF No. 3.)  In its answer, Landis Law denied all allegations

of the original Complaint.  (*Id.*)[3]  On March 6, 2012, Defendant Oxford Law, LLC ("Oxford

Law") and Defendant Larry Weil each filed a Motion to Dismiss Plaintiff's Amended Complaint,

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Oxford Mot., ECF No. 7; Weil Mot., ECF

No. 8.)  On March 27, 2012, Plaintiff filed Responses opposing each of those Motions.  (Pl.'s

Resp. to Oxford, ECF No. 9; Pl.'s Resp. to Weil, ECF No. 10.)

     **B.**     **Plaintiff's Allegations**[4]

     Plaintiff is an individual residing in Louisiana.  (Am. Compl. ¶ 3.)  At all relevant times,

Oxford Law was a company that was in the business of collecting debts.  (*Id.* at ¶ 5.)  Its

---

[1] Landis cannot appear *pro se* since he has not been named a defendant in this action.
Moreover, Landis Law, a limited liability company, cannot appear *pro se*.  "It has been the law
for the better part of two centuries . . . that a corporation may appear in the federal courts only
through licensed counsel."  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see
also Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966).  "The same applies to
LLCs, even those with only a single member, because even single-member LLCs have a legal
identity separate from their members."  *Dougherty v. Snyder*, No. 11-2631, 2012 WL 942121, at
*1 (3d Cir. Mar. 21, 2012) (citing *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir.
2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)).  Accordingly, Landis Law must
be represented by licensed counsel.

[2] Landis Law has not answered the First Amended Complaint or submitted any other
response to the First Amended Complaint.

[3] In its Answer, Landis Law also requested "that all of [Plaintiff's] allegations be
dismissed and judgment be entered against the plaintiff and in favor of defendant."  (Landis Law
Answer ¶ 25.)

[4] Pursuant to Federal Rule of Civil Procedure 12(b)(6), all factual allegations are viewed
in the light most favorable to Plaintiff, the nonmoving party.  *Phillips v. Cnty. of Allegheny*, 515
F.3d 224, 233 (3d Cir. 2008); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("When
assessing whether the complaint satisfies [the 12(b)(6)] standard, courts must treat a complaint's
allegations as true.").

principal place of business is located in Bucks County, Pennsylvania.  (*Id.*)  At all relevant times, Weil was President of Oxford Law.  (*Id.* at ¶ 6.)  As President, Weil was responsible for the overall success of the company.  He exercised control over the affairs of Oxford Law's debt collection business; was "regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant Oxford'[s] affairs"; and "continued to play a key role in maintaining and expanding Defendant Oxford'[s] debt collection activities." (*Id.*)

At various times before the filing of the Complaint in this action, Defendants,[5] "by use of the mails and telephone," contacted Plaintiff in an attempt to collect an alleged outstanding debt. (Am. Compl. ¶¶ 5-6, 10.)[6]  Defendants contacted Plaintiff's mother, Mary Peacock, by telephone in an attempt to collect an alleged debt owed by Plaintiff and "for purposes beyond obtaining location information."  (Am. Compl. ¶ 12.)  They disclosed to Peacock "the existence of the alleged debt owed by Plaintiff and the true identity of Defendant without being expressly requested."  (*Id.* at ¶ 13.)  On several occasions, they threatened that failure to pay the alleged debt would result in the seizure and garnishment of Plaintiff's wages or property.  (*Id.* at ¶ 14.) Based on these facts, Plaintiff asserts (1) violation of the PFCEUA (Count I), (2) violation of the PUTPCPL (Count II), and (3) violation of the FDCPA (Count III).  (*Id.* at ¶¶ 16-30.)  Plaintiff seeks a declaratory judgment that Defendants' conduct violated the FDCPA, as well as damages, including actual damages, treble damages and statutory damages, and costs and reasonable

---

[5] The term "Defendants," as used herein, refers not only to Oxford Law and Weil, but to Landis Law as well.

[6] Oxford Law and Weil attempted to contact Plaintiff in June 2011 to collect an alleged debt.  This was within one year of the filing of the original Complaint.  (Am. Compl. ¶¶ 10-11.)

attorneys' fees.  (*Id.* at ¶¶ 22, 26, 30.)

Oxford Law seeks to dismiss the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  It claims that it is unable to locate a debtor named "Mary Beckworth" in its "system" and "[t]herefore, upon information and belief, the Plaintiff[sic] has had no communications with the Plaintiff, let alone any of the latter that could be considered transgressions resulting in liability."  (Oxford Mot. ¶¶ 1-2.)  Oxford Law acknowledges that "[t]hrough time-consuming research Defendant Oxford has learned that Plaintiff Mary Beckworth may be an alias or married name of Mary O. Peacock."  (*Id.* at ¶ 3.)[7]  Nevertheless, Oxford Law argues that "the name of the debtor, and the name listed in payments to Defendant Oxford are ["Mary O. Peacock"]; and distinctly NOT ["Mary Beckworth"]."  (Oxford Mot. ¶ 3.)  Oxford Law claims that Plaintiff needs to clarify the ambiguity in order for it to be able to answer the First Amended Complaint.  (*Id.* at ¶ 4.)  Accordingly, Oxford Law states that Plaintiff has not stated a claim upon which relief can be granted.  (*Id.* at ¶ 5.)  Oxford Law's Motion is not accompanied by a brief or a form of Order.[8]

Weil also seeks to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Weil points out that the First Amended Complaint states that Weil is the "President" of Oxford Law.  However, since Weil is not a licensed attorney in Pennsylvania, he "CANNOT be the president of any law firm practicing in Pennsylvania."  (Weil Mot. ¶¶ 1-2.)

---

[7] Defendant Oxford discovered the "Mary O. Peacock" account by conducting a "search of its accounts" for "Mary Peacock," which Plaintiff had disclosed was the name of her mother. (Oxford Mot. ¶ 3.)

[8] Oxford Law's Motion could be denied for failure to comply with Local Rule of Civil Procedure 7.1.

Based on this argument, Weil asserts that "Plaintiff has not made a claim upon which relief can be granted." (*Id.* at ¶ 4.) Weil's Motion is not accompanied by a brief or a form of Order.[9]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). In addition, a court need not "assume that [a] . . . plaintiff can prove facts that [the plaintiff] has not alleged." *Assoc'd Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation

---

[9] Weil's Motion could be denied for failure to comply with Local Rule of Civil Procedure 7.1.

of the elements of a cause of actions will not do." 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In conducting a review of the adequacy of complaint, district courts must:

> begin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1950. Thus, following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## III.   DISCUSSION

### A.   Violation of the FDCPA (Count III)

As the FDCPA itself explains, Congress enacted the Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress was motivated by concern stemming from "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" and noted that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

The Act defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), and defines a "creditor" as "any person who offers or

extends credit creating a debt or to whom a debt is owed, [though] such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the Act, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k(a).

Oxford Law and Weil do not challenge Plaintiff's alleged status as a "consumer" under the FDCPA. In addition, they do not challenge the assertion that they are "debt collectors" within the meaning of that federal statute. We are satisfied that based on the allegations in the First Amended Complaint, Plaintiff falls within the FDCPA's definition of a "consumer." (*See* Am. Compl. ¶¶ 10-14 (asserting that Plaintiff was allegedly obligated to pay a debt).) Moreover, Oxford Law and Weil fall within the FDCPA's definition of "debt collector." (*See id.* at ¶¶ 5-6 (asserting that Oxford Law and Weil were "engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff"), 10-15 (asserting that Oxford Law and Weil attempted to contact Plaintiff and her mother in attempts to collect an alleged outstanding debt)); *see also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (holding that the FDCPA applies to attorneys who "regularly" engage in consumer-debt-collection activity).

       1.    *Violation of Sections 1692b & c(b)*

Plaintiff alleges that Oxford Law and Weil violated Sections 1692b and 1692c(b) of the

FDCPA.  (Am. Compl. ¶¶ 28(a)-(d).)  Section 1692b states, in pertinent part, that:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall:
>
> > (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
> >
> > (2) not state that such consumer owes any debt; [and]
> >
> > (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information[.]

15 U.S.C. § 1692b.  Section 1692c(b) states that:

> [e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).  Plaintiff has alleged that:  (1) Oxford Law is "a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff" (Am. Compl. ¶ 5); (2) Weil is "an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a 'debt' from Plaintiff" (*id.* at ¶¶ 6, 29); (3) Oxford Law and Weil communicated with Plaintiff's mother more than once in connection with their attempt to collect an alleged debt from Plaintiff (*id.* at ¶ 28(d)); (4) Oxford Law and Weil contacted Plaintiff's mother "for purposes beyond obtaining location information" in connection with their attempt to collect the alleged debt (*id.* at ¶¶ 12, 28(a)); (5) when contacting Plaintiff's mother, Oxford Law and Weil disclosed to her the existence of the alleged debt owed by Plaintiff

and identified themselves as debt collection agencies without such information being expressly requested (*id.* at ¶¶ 13, 28(b)-(c)); and (6) as a result, Plaintiff "suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress" and damages (*id.* at ¶ 22). We are satisfied that Plaintiff has stated a claim under Sections 1692b and 1692c(b) of the FDCPA. *Cf. Smith v. NCO Fin. Sys., Inc.*, No. 08-5626, 2009 WL 1675078, at *2 (E.D. Pa. June 12, 2009) (denying Rule 12(c) motion regarding plaintiff's claim for improper collection contact with third parties in violation of Section 1692c(b) of the FDCPA since contacting a third party for information beyond the scope of location information is prohibited by Section 1692c(b), "under [a] reasonable reading of Plaintiff's Amended Complaint, she may be entitled to relief," and "Plaintiff's Amended Complaint 'give[s] the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'") (citations omitted); *Romano v. Williams & Fudge, Inc.*, 644 F. Supp. 2d 653, 657 (W.D. Pa. 2008) (granting plaintiff's motion for partial summary judgment on FDCPA claim where debt collector communicated information in connection with the collection of plaintiff's alleged debt to the plaintiff's estranged father and disclosed alleged debt information to him).

2.    *Violation of Section 1692d*

Plaintiff alleges that Oxford Law and Weil violated Section 1692d of the FDCPA. (Am. Compl. ¶ 28(e).) Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.[10]  The First Amended Complaint

---

[10] We note that Oxford Law and Weil do not appear to challenge the sufficiency of the pleading of harassing conduct.

alleges that:  (1) Oxford Law is "a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff" (Am. Compl. ¶ 5); (2) Weil is "an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a 'debt' from Plaintiff" (*id.* at ¶¶ 6, 29); (3) Oxford Law and Weil contacted Plaintiff's mother "for purposes beyond obtaining location information" in connection with their attempt to collect an alleged debt from Plaintiff (*id.* at ¶ 12); (4) when contacting Plaintiff's mother, Oxford Law and Weil disclosed to her the existence of the alleged debt owed by Plaintiff and identified themselves as debt collectors without such information being expressly requested (*id.* at ¶ 13); (5) on multiple occasions, "threatened that failure to pay [the] alleged debt would result in the seizure and/or garnishment of Plaintiff's wages or property," when such action could not legally be taken or was not intended to be taken (*id.* at ¶¶ 14-15); and (6) as a result, Plaintiff "suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress" and damages (*id.* at ¶ 22).[11]  A reasonable inference can be made, based on these factual allegations, that through multiple calls to Plaintiff and her mother, and multiple threats that the alleged debt would result in the seizure and/or garnishment of Plaintiff's wages or property, Oxford Law's and Weil's conduct led to the harassment, oppression or abuse of Plaintiff, and her mother, in connection with their attempts to collect the alleged debt owed by Plaintiff.  *See Carr v. NCO Fin. Sys., Inc.*, No. 11-2050, 2011 WL 6371899, at *2 (E.D. Pa. Dec. 20, 2011) (denying motion to dismiss since "[p]ursuant to § 1692d(5), [plaintiff] is only required to plead enough facts to show that it is plausible that

---

[11] It is unclear from the First Amended Complaint whether these "threats" were made to Plaintiff, her mother, or to both individuals.  For purposes of the instant Motions, we will assume that the "threats" were made to both individuals.

10

[defendant] caused her telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass"); *Shand-Pistilli v. Prof'l Account Servs., Inc.*, No. 10-1808, 2010 WL 2978029, at *5 (E.D. Pa. July 26, 2010) (finding allegations "factually sufficient to support a plausible claim of relief under section 1692d(5)" where plaintiff alleged "continuous calls" to her home from a telephone number owned by defendant and asserted that she asked defendant to stop contacting her but defendant refused to do so).  Oxford Law and Weil do not challenge the sufficiency of any of Plaintiff's claims concerning their allegedly harassing, oppressive or abusive conduct.  Thus, we find that Plaintiff has adequately stated an FDCPA claim under Section 1692d.

### 3.   *Violation of Section 1692e*

Plaintiff asserts that Oxford Law and Weil violated Section 1692e(4) and Section 1692e(5) of the FDCPA.  (Am. Compl. ¶¶ 28(f)-(g).)  Section 1692e of the FDCPA provides that "[a] debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692e states that "the following conduct is a violation of this section":

> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. §§ 1692e(4)-(5).

Plaintiff has alleged that:  (1) Oxford Law is "a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff" (Am. Compl. ¶ 5); (2) Weil is "an

individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a 'debt' from Plaintiff" (*id.* at ¶¶ 6, 29); (3) Oxford Law and Weil "[f]alsely represent[ed] or impl[ied] that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages" (*id.* at ¶ 28(f); *see also id.* at ¶ 14 (making such statements to Plaintiff's mother)); (4) the action is unlawful or that Oxford Law and Weil did not intend to take such action (*id.* at ¶ 28(f); *see also id.* at ¶ 15 (alleging false threats to take action that legally could not be taken and that no legal action had been taken, or judgment entered, against Plaintiff)); and (5) as a result, Plaintiff "suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress" and damages (*id.* at ¶ 22). We are satisfied that Plaintiff has stated an FDCPA claim under Sections 1692e(4) and 1692e(5). *See Wideman v. Monterey Fin. Servs., Inc.*, No. 08-1331, 2009 WL 1292830, at *3 (W.D. Pa. May 7, 2009) (denying motion to dismiss Section 1692e(5) claim where plaintiff was threatened that if she did not contact defendant immediately, defendant would file a form with the IRS, because plaintiff alleged in the complaint that defendant did not intend to file the form with the IRS).

### B.     Violation of the PFCEUA (Count I)

The PFCEUA provides that: "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act)." 73 Pa. Cons. Stat. Ann. § 2270.4(a). "A violation of the FDCPA is a per se violation of the PFCEUA, as provided by statute." *Sasscer v. Donnelly*, No. 10-464, 2011 WL 6780954, at *3 (M.D. Pa. Dec. 27, 2011) (citing 73 Pa. Cons. Stat. Ann. § 2270.4(a)). Since the FDCPA Count is not being dismissed, the PFCEUA Count will not be dismissed. *See Stuart*

12

*v. AR Res., Inc.*, No. 10-3520, 2011 WL 904167, at *4 (E.D. Pa. Mar. 16, 2011) (declining to dismiss PFCEUA claim since "a violation of the FDCPA constitutes a per se violation of the FCEUA"); *Yelin v. Swartz*, 790 F. Supp. 2d 331, 336 (E.D. Pa. 2011) (denying motion to dismiss PFCEUA claim since court found plaintiff's FDCPA claim valid); *Jarzyna v. Home Props., L.P.*, 763 F. Supp. 2d 742, 749 (E.D. Pa. 2011) (denying motion to dismiss PFCEUA claim since court did not grant motion to dismiss the FDCPA claim); *Whiteman v. Burton Neil & Assocs., P.C.*, No. 07-2289, 2008 WL 4372842, at *3 (M.D. Pa. Sept. 19, 2008) (denying dismissal of PFCEUA claim since court did not dismiss FDCPA claim).

### C.      Violation of the PUTPCPL (Count II)

Pursuant to the PUTPCPL, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . are hereby declared unlawful."  73 Pa. Cons. Stat. Ann. § 201-3.  Regulated trade and commerce includes "any [trade or commerce] . . . directly or indirectly affecting the people of this Commonwealth."  73 Pa. Cons. Stat. Ann. § 201-2(3).  "The Pennsylvania Supreme Court has instructed that courts 'construe [the statute] liberally to effect its object of preventing unfair or deceptive practices.'"  *Stewart v. Xrimz, LLC*, No. 10-2147, 2011 WL 2713411, at *3 (M.D. Pa. July 12, 2011) (quoting *Creamer v. Monumental Props. Inc.*, 329 A.2d 812, 817 (Pa. 1974)); *Jarzyna*, 763 F. Supp. 2d at 749 (quoting same).  This statute permits a "person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result" to bring a private cause of action under the PUTPCPL.  73 Pa. Cons. Stat. Ann. § 201-9.2.  To state a PUTPCPL claim, a plaintiff must

13

allege common law fraud: "(1) a misrepresentation, (2) material to the transaction, (3) made falsely, (4) with the intent of misleading another to rely on it, (5) justifiable reliance . . . and (6) injury . . . proximately caused by the reliance." *Brock v. Thomas*, 782 F. Supp. 2d 133, 144 (E.D. Pa. 2011) (citing *Coleman v. Commonwealth Land Title Ins. Co.*, 684 F. Supp. 2d 595, 619 (E.D. Pa. 2010)) (internal quotation marks omitted).  Fraud must be pled with particularity.  *Id.* (citing *Rock v. Voshell*, 397 F. Supp. 2d 616, 622-25 (E.D. Pa. 2005)).

Construing the First Amended Complaint liberally, Plaintiff alleges that Oxford Law and Weil "[f]alsely represent[ed] or impl[ied] that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action."  (Am. Compl. ¶¶ 21(f), 24.)  As a result of this conduct, Plaintiff "suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees."  (*Id.* at ¶¶ 22, 25.)  Plaintiff has sufficiently alleged a falsely made misrepresentation.  We are satisfied that Plaintiff has alleged that these misrepresentations were made with the intent that another person rely on them, that there has been justifiable reliance on them, and that Plaintiff has suffered damages as a result of that reliance.  *See Whiteman*, 2008 WL 4372842, at *3 (denying defendant's motion to dismiss where plaintiff sought actual damages in the complaint since it was "too early at this point for us to rule that she has none").  Moreover, Plaintiff has identified the debt collection effort as the "act in trade or commerce."  *See Yelin*, 790 F. Supp. 2d at 338 (noting that the Pennsylvania Supreme Court in *Beyers v. Richmond*, 937 A.2d 1082 (Pa. 2007), held that debt collection was "an act in trade or commerce" within the meaning of the

PUTPCPL).  While Plaintiff does not use the term "material" in the First Amended Complaint, a

reasonable inference can be drawn from the allegations contained therein that the

misrepresentation that nonpayment of Plaintiff's debt would result in the seizure, garnishment,

attachment, or sale of Plaintiff's property or wages was made for the express purpose of

collecting the alleged debt owed by Plaintiff.  We are satisfied that Plaintiff has stated a claim

under the PUTPCPL.[12]

> **D.      Oxford Law's and Weil's Arguments In Favor of Dismissal**

Oxford Law claims that the First Amended Complaint must be dismissed because an

ambiguity concerning the true name of Plaintiff prevents it from answering the First Amended

Complaint.  We disagree.  As explained *supra*, at Section III.A-C, Plaintiff has adequately

alleged claims under the FDCPA, PFCEUA and PUTPCPL.  We are satisfied that based on the

allegations in the First Amended Complaint, Oxford Law has notice as to what is alleged against

it.  Plaintiff has identified the law that she believes Oxford Law violated.  (*See* Am. Compl. ¶¶

21, 24, 28(a)-(g).)  A complaint may survive a motion to dismiss if it provides the defendant fair

notice of what the claim is and the grounds upon which it rests, and contains sufficient factual

matter to state a claim that is plausible on its face.  *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S.

---

[12] Alternatively, since Plaintiff has established a viable claim under the FDCPA, it has
established a viable claim under the PUTPCPL.  *See AR Res., Inc.*, 2011 WL 904167, at *5
("Based on the language of the FCEUA and supporting case law, the Court finds that Plaintiff
need only establish a viable claim under the FDCPA in order to state sufficient claims under the
FCEUA and UTPCPL.  In light of the Court's decision to allow Plaintiff's FDCPA and FCEUA
claims to proceed, the Court will, by extension, deny Defendant's Motion to Dismiss Plaintiff's
claim under the UTPCPL."); *Yentin v. Michaels, Louis & Assocs., Inc.*, No. 11-0088, 2011 WL
4104675, at *1 (E.D. Pa. Sept. 15, 2011) ("Because a plaintiff that states a claim for violation of
the FDCPA has also stated a claim under the FCEUA and UTPCPL, we deny defendants' motion
to dismiss with respect to plaintiffs' state-law claims.").

at 555.  A motion to dismiss should not be granted "if, in view of what is alleged, it can

reasonably be conceived that the plaintiffs . . . could, upon a trial, establish a case which would

entitle them to relief."  *Twombly*, 550 U.S. at 563 n.8 (citations omitted); *see also Bruni v.

OceanView Elecs., Inc.*, No. 11-2017, 2012 WL 987498, at *2 (E.D. Pa. Mar. 23, 2012) (denying

motion to dismiss PUTPCPL claim where "the amended complaint, as stated in *Twombly*,

'contains either direct or inferential allegations regarding all the material elements necessary to

sustain recovery under some viable legal theory'"); *Greer v. Shapiro & Kreisman*, 152 F. Supp.

2d 679, 685-86 (E.D. Pa. 2001) (rejecting contention that plaintiff's claims under the FDCPA

lacked the necessary detail to provide fair notice of the bases for plaintiff's claims where

plaintiff's complaint identified both the law she believed defendant violated and the particular

conduct).  Indeed, except for its objection based on its inability to locate a "Mary Beckworth" in

its system, Oxford Law has not argued that Plaintiff has failed to sufficiently state any element of

any of its claims.  Oxford Law will have the chance to resolve any ambiguity concerning

Plaintiff's name, or its system records, during discovery.

  Weil seeks dismissal based on the premise that he is not "President" of Oxford Law, and

cannot be President since he is not a licensed attorney in Pennsylvania.  This argument must be

rejected.  The cases stating that officers and employees who exercise control over the activities of

a debt-collecting business may be liable under the FDCPA and related state law claims are

legion.  *See e.g.*, *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000) (finding a

general partner who exercised control over a limited partnership to be liable for the acts of the

partnership under the FDCPA); *Yentin*, 2011 WL 4104675, at *6 (holding that an entity or

individual who exercises control over the activities of a debt-collecting business may be liable

16

under the Act); *Commonwealth ex rel. Corbett v. Manson*, 903 A.2d 69, 73 (Pa. Commw. Ct. 2006) (concluding that CEO could be liable for his deceptive conduct under the PUTPCPL). Plaintiff has alleged that Weil was "President" of Oxford Law, was "responsible for the overall success of the company," "materially participated in collecting debt by occupying a position of critical importance to Defendant Oxford'[s] business," "exercised control over the affairs of a debt collection business," and "was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant Oxford'[s] affairs." (Am. Compl. ¶ 6.) Even if Weil's title was not "President," as Plaintiff alleges, we are satisfied that Plaintiff has alleged that Weil exercises enough control over the activities of Oxford Law such that he may be found liable under the FDCPA and related state law claims. Plaintiff's allegations are sufficient to withstand a motion to dismiss.

Accordingly, Oxford Law's and Weil's arguments in support of dismissing the First Amended Complaint are meritless.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motions are denied.

An appropriate Order follows.

BY THE COURT:

_____

R. BARCLAY SURRICK, J.

17